# DILLON v. WHITLEY. (No. 8959.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 22, 1919.)

1. MUNICIPAL CORPORATIONS  &#9096;567(1) — STREET IMPROVEMENT—ACTION ON CERTIFICATES—PETITION.

Petition, in action on paving and curbing certificates issued by city, alleging it adopted a special charter pursuant to Acts 33d Leg. c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), that the street in front of defendant's property was paved and curbed, and the certificates issued therefor, all in compli-

ance with the powers given in the act and charter, *held* not subject to demurrer or exceptions.

**2. MUNICIPAL CORPORATIONS ☞568(3) — STREET IMPROVEMENTS—ACTION ON CERTIFICATES—PROOF OF OWNERSHIP.**

There was prima facie proof of plaintiff's ownership, claimed in his petition, of the certificate for curbing, issued by the city to another, sued on; it having at the trial been in his possession and introduced in evidence without objection.

**3. EVIDENCE ☞31—JUDICIAL NOTICE—CITY CHARTER.**

By provision of Acts 33d Leg. c. 147, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1096c), when a city has adopted a charter as authorized therein and it has been recorded as therein provided, no proofs are required thereof, but judicial notice must be taken of it.

**4. APPEAL AND ERROR ☞907(5)—PRESUMPTION—DOCUMENTS.**

Though there be no copy of a city's charter in the statement of facts, it will be presumed the trial judge had a copy before him from which he quoted the provisions shown in his findings of fact.

**5. APPEAL AND ERROR ☞907(5) — PRESUMPTION—DOCUMENTS.**

Correctness of finding of trial judge as to contents of a city's charter will be presumed, in the absence of a showing by copy of the charter, or otherwise, of error in the finding.

**6. CONSTITUTIONAL LAW ☞290(4)—MUNICIPAL CORPORATIONS ☞407(1)—DUE PROCESS OF LAW — STREET IMPROVEMENT — ASSESSMENTS.**

Provisions of city charter, which vests a board with judicial functions to determine assessments for street improvements, that objection thereto, unless filed with the board before hearing is closed, shall be deemed waived, and that one failing within 10 days after closing of the hearing to institute suit to contest validity of the assessment shall be barred from contesting in any other proceeding, do not in case of one given notice deprive him of property without due process, in contravention of Const. U. S. Amends. 5, 14.

**7. MUNICIPAL CORPORATIONS ☞484(1) — STREET IMPROVEMENTS—CERTIFICATES—EVIDENCE OF INDEBTEDNESS.**

Certificates issued by a city for street improvements are prima facie evidence of the amount of indebtedness due by a property owner.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by Frank Whitley against J. B. Dillon. Judgment for plaintiff, and defendant appeals. Affirmed.

S. D. Goswick, of Mineral Wells, for appellant.

Ritchie & Cousins, of Mineral Wells, for appellee.

DUNKLIN, J. J. B. Dillon, who owned property in the city of Mineral Wells, has appealed from a judgment rendered in favor of Frank Whitley for the amount shown to be due according to certain certificates issued by the city commissioners of Mineral Wells for paving the street in front of Dillon's property and for constructing a curbing at the edge of the street. The paving was done by Whitley, and the curbing was constructed by J. W. McFarland, to whom the certificate therefor was issued and who transferred the same to Whitley.

A jury was impaneled, and special issues were submitted to them, but only two issues were submitted. In answer to one of those issues, they found that $45 was a reasonable attorney's fee for the prosecution of this suit by the plaintiff; and, in answer to the other issue, they found that the improvements on the street which abutted defendant's property, consisting of the paving and curbing in question, did not enhance the value of the property in a sum equal to the sum charged for such improvements and represented by the certificates sued on.

In addition to those findings by the jury, the trial judge also filed findings of facts and conclusions of law made by him, which are as follows, to wit:

"Finding of Facts.

"(1) The city of Mineral Wells is incorporated under a special charter adopted under the provisions of the Enabling Act, chapter 147, Acts of the 33d Legislature.

"(2) The city of Mineral Wells issued certificates of special assessment in favor of Frank Whitley and in favor of J. W. McFarland to defray their proportionate part of the cost constructing a paving and a concrete curb and gutter on Parker street in the said city abutting a certain lot owned by the defendant as described in the pleadings.

"(3) At the date of acceptance of the bids of the said parties to do this work, one Matt Skeen owned a lot lying between defendant's property and Parker street as it was then platted, and that subsequent to the acceptance of such bids the city of Mineral Wells purchased the said lot from Matt Skeen and dedicated the same for street purposes, and made it a part of Parker street. That prior to such purchase the said lot owned by the said Skeen projected into Parker street so that the said street was 25 feet narrower at that point than it was to the north and to the south, and that by the purchase and dedication of said lot the said Parker street became a street of equal width for its entire length, and both sides of the street were made straight lines.

"(4) The work above mentioned on Parker street abuts the defendant's property. That 22 feet intervening between his property line and the edge of paving is left for park and sidewalk purposes and is of the same width at that point as is usual in the entire residence portion of the said city.

"(5) I find, as the jury found, that the said

property was not enhanced in value by the construction of said improvements.

"(6) Prior to the making of said assessments, this defendant was given notice of the city's intention to construct said improvements on Parker street abutting his property, was given notice of the amount to be assessed, and was given notice of the date and place at which he might appear and make objection to such assessment.

"(7) The city of Mineral Wells by its board of commissioners, after the hearing, affirmatively found that the said property was enhanced in value to the extent of the cost of said improvements.

"(8) The charter of the said city contains the following provisions:

" 'Any objections to the said assessment, or to the validity of any proceedings with reference to said improvements or any omission therein, shall be filed with the board of commissioners in writing before said hearing is closed, and shall be deemed waived unless so filed.

" 'At any time within ten days after the closing of said hearing, any one having an interest in property subject to assessment in any proceeding hereunder, or who may be subject to a personal liability for a part of the cost of improvements ordered by the board of commissioners, may institute suit in any court of competent jurisdiction to contest the validity in whole or in part, of said assessment or lien, or personal liability fixed by said proceedings, or the validity or regularity of any of said proceedings. Any person who shall fail to institute such suit within said ten days, or to diligently prosecute same to final judgment, shall be forever barred from contesting in any other proceeding said assessment, lien or personal liability, or the validity of any proceeding with reference to said improvement, and this bar and estoppel shall bind the heirs, assigns or personal representatives of such persons.'

"(9) Said defendant did not file written objections with the board of commissioners, nor did he ever institute any suit for the purpose of testing the validity of the said assessment.

"Conclusions of Law.

"1. This court is bound to take judicial notice of the provisions of the charter of the city of Mineral Wells.

"2. The findings of the board of commissioners of the said city that the property was enhanced in value to the extent of the cost of the improvements is conclusive upon this court; the said findings not having been appealed from.

"3. The defendant having failed to file objections to the said action of the board of commissioners, and having failed to file a suit to test the validity thereof, is barred from setting up the same in this proceeding.

"Therefore judgment is rendered for plaintiff for certificates and interest and cost; attorney's fees not allowed."

By an act of the Thirty-Third Legislature, which was approved April 7, 1913, see Acts of the Regular Session, c. 147, p. 307 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a to 1096i), a city having more than 5,000 inhabitants is authorized to adopt a special charter with certain powers vested in such city by complying with certain specified requirements in the matter of holding an election for the purpose of determining the adoption of such charter, etc. By section 2 of that act it is provided that the proposed charter of the city shall be submitted to its qualified voters at an election to be held at a time fixed, and that such a charter may be adopted by a majority of the qualified voters. By section 3 of the act it is provided that upon the adoption of such a charter it shall be the duty of the mayor or chief executive officer of the city to certify an authenticated copy of the charter to the secretary of state, whose duty it shall be to file and record the same in his office. It is also made the duty of the city secretary to record the charter at length upon the records of the city in a separate book to be kept in his office for such purpose. Section 3 of the act also contains the following provision:

"When said charter or any amendment thereof shall be recorded as herein above provided for, it shall be deemed a public act and all courts shall take judicial notice of same and no proof shall be required of same."

Section 4 of the act reads, in part, as follows:

"That by the provisions of this act it is contemplated to bestow upon any city adopting the charter or amendment hereunder the full power of local self-government and among the other powers that may be exercised by any such city, the following are hereby enumerated for greater certainty: * * *

"To have exclusive dominion, control and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city and to provide for the improvement of any public street, alleys, highways, avenues or boulevards by paving, raising, grading, filling, or otherwise improving the same and to charge the cost of making such improvements against the abutting property, by fixing a lien against the same, and a personal charge against the owner thereof according to an assessment specially levied therefor in an amount not to exceed the special benefit any such property received in enhanced value by reason of making any such improvement and to provide for the issuance of assignable certificates covering the payments for said cost, provided that the charter shall apportion the cost to be paid by the property owners and the amount to be paid by the city, and provided further, that all street railways, steam railways, or other railways, shall pay the cost of improving the said street between the rails and tracks of any such railway companies and for two feet on each side thereof. The city shall have the power to provide for the construction and building of sidewalks, and charge the entire cost of construction of said sidewalks, including the curb, against the owner of abutting property, and to make a special charge against the owner for such cost and to provide by special assessment a lien against such property for such cost; to have the power to provide for the improvement of any such sidewalk

or the construction of any such curb by penal ordinance and to declare defective sidewalks to be a public nuisance. * * *

"That the city may issue assignable certificates for the payment of any such cost against such property owners and may provide for the payments of any such cost in deferred payments, to bear interest at such rate as may be prescribed by the charter not to exceed eight per cent. That the city may adopt any other method for the opening, straightening, widening or extending of its streets as herein provided for as may be deemed advisable and charge the cost of same against the property and the owner specially benefited in enhanced value and lying in the territory of said improvement that its charter may provide. That the authority to adopt any other method shall include the manner of appointing commissioners, the manner of giving notice and the manner of fixing assessments or providing for the payment for any such improvement."

[1, 2] According to allegations in plaintiff's petition, the city of Mineral Wells adopted a special charter in accordance with the requirements of that act, and the street in front of defendant's property was paved and curbing constructed, and the certificates sued on were issued for such work, all in compliance with the powers given in the act and the charter adopted thereunder. Accordingly, all assignments of error to the action of the court in refusing to sustain defendant's general demurrer and numerous special exceptions addressed to the petition are overruled. We overrule the assignment attacking the finding of the court that plaintiff was the owner of the certificate issued by the city to McFarland for curbing. The finding is challenged upon the proposition that there was no evidence to support it. Upon the trial the certificate which was in plaintiff's possession was introduced in evidence, and the defendant made no objection to such proof. Plaintiff had claimed ownership of it in his petition. Under such circumstances, we think that there was prima facie proof of ownership.

[3-5] By another assignment the trial court's finding of charter provisions of the city of Mineral Wells is challenged upon the ground that the charter was not introduced in evidence, and hence there was no proof to sustain such finding. As shown by the provision quoted above from section 3 of the act of the Thirty-Third Legislature, the courts are required to take judicial notice of a charter adopted in compliance with the provisions of the act and no proof of such charter is required. While a copy of the charter is not contained in the statement of facts, we must presume that the trial judge had such a copy before him from which he quoted the provision shown in his findings of facts. Neither by bill of exception nor in any other manner has a copy of the charter been presented to this court, and we know of no method of acquiring information of the contents of the charter except to send for a copy of it which we do not feel called upon to do; and in the absence of any showing here that the trial judge erred in his finding, referred to, with respect to the contents of the charter, the correctness of that finding will be presumed; and accordingly the assignment now under discussion, as well as another assignment, addressed to certain testimony of the city secretary with respect to the contents of the minutes of the city commissioners, is overruled, the objection to the testimony of the city secretary being based upon the absence of proof of the charter.

[6] Several other assignments are presented, to all of which objections are made by appellee because the same are not in compliance with the rules for briefing, for different reasons. Some of those objections, at least, appear to be valid, but we shall not undertake to discuss or pass upon them. In a general way and in a manner not very clear and definite, those assignments present the contention that the action of the court in rendering a judgment in plaintiff's favor, notwithstanding the finding by the jury that the improvements for which the certificates were issued did not enhance the value of the property in a sum of money equal to the sum charged for said improvements, amounted to a taking of his property without due process of law, and was contrary to the decision in Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884. As shown by the trial court's findings, the board of commissioners gave to the defendant notice of the city's intention to construct the improvements abutting on his property, including notice of the amount to be assessed, and of the date and place at which he might appear and make objections to the assessment; and upon hearing the board of commissioners affirmatively found that the property was enhanced in value to the extent of the cost of the improvements. The trial judge further found that the defendant filed no objections to the board of commissioners to such assessment and instituted no suit to test the validity of the assessment as required by the charter of the city. In his brief appellant admits that he was served with notice of the time and place set for the hearing of objections to the assessment and that he filed no objections thereto. It thus appears that by the charter of the city the board of commissioners was vested with judicial functions to hear and determine the amount of assessments to be made against appellant's property, and that the board did determine that question adversely to the claim now asserted by the appellant, and that he was duly served with notice to appear at such hearing but made default, and also failed to prosecute the remedy provided by the charter for judicial relief against such assessment. Under such circumstances, we are of the opinion that the assessment made by the board of commis-

sioners was final and binding upon the appellant as found by the trial judge, and that such charter provisions were not in violation of the fifth and fourteenth amendments to the federal Constitution, prohibiting a state from depriving any person of property without due process of law. See R. C. L. vol. 6, p. 446, § 442, p. 454, § 451, and p. 456, § 452.

[7] We are of the opinion that the certificates themselves were prima facie evidence of the amount of the indebtedness due by appellant. See Taylor v. Boyd, 63 Tex. 533; Withers v. Crenshaw, 155 S. W. 1189.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.