**NORWICH STATE BANK OF NORWICH, KAN., v. KANNER et al.   (No. 6621.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 16, 1921. Rehearing Denied Dec. 14, 1921.)

1. **Municipal corporations ⏀568(3)—Plaintiff, suing on certificate, held to make out prima facie case of ownership of certificates.**

Where plaintiff, in suit on paving certificate assigned in blank, alleged ownership thereof and introduced the same in evidence without objection, it cannot be said that there was no evidence of ownership, or that plaintiff did not make out a prima facie case.

2. **Municipal corporations ⏀572—Evidence held to sustain allowance of reasonable attorney's fees in action on paving certificate.**

In an action on a paving certificate, trial court erred in finding that there was no evidence offered to show that plaintiff incurred or became obligated to pay attorney's fees, under Rev. St. art. 1011, where an attempt was made to defeat recovery on ground of homestead, and evidence was undisputed that an attorney's fee of $100 would be reasonable, although the attorney for plaintiff, on being called to the stand, refused to disclose terms of his employment, and defendant did not seek to compel him to answer.

3. **Municipal corporations ⏀570(2)—Paving certificate lien enforced against portion of homestead.**

Where a portion of a lot is exempt from lien of paving certificate, but another portion thereof containing a second house is not exempt because occupied by tenants, the lien may be enforced and foreclosure had on the portion of the lot not exempt as a homestead, although the lien is prayed to be foreclosed on the entire lot; the different portions of the lot being easily identified and being so segregated as to become divisible.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by the Norwich State Bank of Norwich, Kan., against Henry Kanner and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

W. S. Peyton, of San Antonio, for appellant.

E. D. Henry, John H. Bickett, Jr., and L. M. Bickett, all of San Antonio, for appellees.

COBBS, J. This suit was filed by petitioner to recover on a paving certificate against defendants in error, issued and delivered by the city of San Antonio, Tex., to Beebe Construction Company, for the pro rata cost of paving in front of lot C in new city block No. 295, on Lakeview avenue, in the city of San Antonio, being for the sum of $268.51, and bearing interest from November 15, 1915, until paid, at the rate of 8 per cent. per annum, and providing for reasonable attorney's fees incurred; also for foreclosure of special assessment lien on lot "C" in new city block No. 295, in San Antonio, in front of which said paving was laid, which at time of assessment and levy was owned by Henry Kanner. It also sues for reasonable attorney's fees. It was also alleged that the petitioner was the legal owner and holder of said certificate by virtue of an assignment from Beebe Construction Company for a valuable consideration paid.

Henry Kanner and his wife filed answer, and it pleaded, among other things, that it was their homestead, and no lien could ·be created thereupon. The case was tried by the court without a jury, who rendered judgment in favor of defendants in error. The court filed findings of fact and conclusions of law. There was also filed a statement of facts. The ruling of the court and judgment thereupon was properly excepted to.

The evidence contained the original special assessment paving certificate No. 3918, in the principal sum of $268.51, dated November 15, 1915, bearing 8 per cent. interest per annum from date, and providing for reasonable attorney's fees if incurred, which certificate was duly executed by the city of San Antonio. Evidence was introduced from the minutes and proceedings of the city council of San Antonio of July 7, 1193, showing a canvass of the returns of the election held on June 30, 1913, which adopted chapter 11, title 22, of the Revised Statutes of 1911, the street improvement law carried at said election. There was also offered in evidence a certified copy of the procedure ordinance of said city, passed and approved on February 18, 1913, together with amendments.

No question was raised or urged as to the validity of the certificate or the proceedings, or necessary precedent steps required to be taken, in respect to which it became a valid and legal certificate and binding obligation. On the reverse side of the certificate, no doubt in use by the city for all of its street improvements, appears a printed assignment, with a blank place for the name of the as-

---

⏀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

signee to be filled in, and a blank place for the assignor to be attached at the bottom. The assignment is copied in full as follows:

"Assignment.

"For value received, the within certificate, with all indebtedness evidenced thereby and liens securing same, is hereby fully assigned to ———, together with all rights and remedies for the collection thereof, but without recourse.          [Signed] Beebe Const. Co.,
"E. A. Beebe."

This assignment as such was introduced in evidence by the plaintiff, without a single objection being made to it or to any of the other above-recited testimony or proceeding. Upon this phase of the case the trial judge held:

"The plaintiff having failed to show any transfer to it of the certificate or its ownership thereof, and there the defendants Kanner having entered a general denial, the plaintiff failed to prove its case, and the defendants were entitled to judgment in their favor."

[1] The plaintiff in error made out a prima facie case by pleading ownership of the certificate, and showing his ownership by the possession, and introducing it in evidence. It is rather difficult to appreciate the ruling of the trial judge, under the circumstances, in refusing to give judgment on the same on the ground that "plaintiff failed to prove his case," and for that sole reason hold "defendants were entitled to judgment in their favor."

Defendants in error having failed to object to the same and permitting it to be introduced in evidence, showing at its head the printed word, "Assignment," and with a recital in its body that it was "assigned to ———, together with all rights and remedies," and signed by the payees, it showed a perfect assignment thereof, and showed a transfer of the certificate to some one and passing out of it all right, title, or interest therein. Therefore its production of the certificate in evidence by the plaintiff, who alleged ownership thereof in his pleading, and the proper custody presumably, must, in the absence of any objection thereto, be taken as evidence that petitioner is the owner and holder thereof. Dillon v. Whitley, 210 S. W. 329.

[2] The second assignment complains of the ruling of the court in not allowing reasonable attorney's fees to petitioner. The ruling of the court in refusing to allow attorney's fees is based upon the statement that no evidence was offered to show that it had incurred or become obligated to pay any attorney's fees at all, and the statute authorizes a judgment for reasonable attorney's fees only if the same are actually incurred.

The petitioner alleged that it became necessary to sue upon said certificate to enforce its collection, and it was placed in the hands of attorneys to institute this suit to compel its payment, and prayed for the allowance of a reasonable attorney's fee for the legal services rendered for the collection of the debt, stating that $250 would be such reasonable fee. It is stipulated in the face of the certificate itself:

"That by said ordinance and other proceedings of said city said assessment, with interest as herein stipulated and costs of collection and reasonable attorney's fees, if incurred, is declared to be the first and paramount lien upon said property (except as to state, county, and municipal taxes), and also a personal liability of said owner of owners; and if default be made in the payment of any installment of principal or interest when due, then at the option of any legal holder hereof this certificate shall at once mature without notice and the full amount of principal remaining payable hereon, together with such interest, attorney's fees, and costs, shall thereupon become due and collectible."

The statute (article 1011, R. S.) itself requires cities, in creating such obligations by ordinance, to "provide for the collection thereof, with costs and reasonable attorney's fees, if incurred." In thus legislating, it was no doubt intended that attorney's fees should not as such be collected, if not handled and incurred by attorneys. In other words, without the assistance of an attorney, attorney's fees as such should not be collected as a part of the certificate. To be collected, they must be incurred.

There is no sound reason to hold that when default is made in such certificate, and a refusal to pay requires a suit to enforce its collection, as in this case, and an attempt is made to defeat the entire recovery on the ground of homestead claim, that there is a failure to show that petitioner incurred and became obligated to pay an attorney's fee, unless we are to presume that attorneys performed such services for nothing; a most violent presumption it would be.

The evidence is undisputed that an attorney's fee of $100 for such services is reasonable. It is true the attorney for petitioner, being called to the witness stand by defendant, refused to disclose the terms of his employment with his client. Attorneys for defendant in error did not not seek to compel an answer, and no complaint was made in the court below, or an assignment of error presented here for our action. We conclude, under the facts in this case and the state of the record before us, the trial court erred in refusing to adjudge the attorney's fees, the value of which was undisputed.

In regard to the homestead claim, the court found as a fact that all of said property upon which the assessment lien for the security of the paving certificate was issued was protected by the homestead rights in its use and occupancy as such, except the

portion occupied by a smaller house fronting on Perez street, marked H on the plat in evidence, being a portion of the lot C, upon which the smaller house on the Perez street side of the property stands is rented to tenants, and is no part of the homestead.

[3] The finding of the court upon the facts, in respect to the homestead right, is supported by the evidence to that part used as a homestead. It is made unnecessary for us to pass upon or discuss the issues determined by the court that fixed that portion of the property to which the homestead right attached, and as to that the finding of the court will not be disturbed. Petitioner says:

"But plaintiff in error is willing and does waive its right to a foreclosure upon the homestead property of defendants in error, seeking only a foreclosure of its 'lien fixed' by the assessing tribunal upon that part of defendants' in error property which is admittedly nonhomestead. This reduces the issue to whether the lien fixed upon the nonhomestead land is divisible from that placed upon the homestead. That such is proper, legal, and necessary in this case we think can admit of no debate."

This leaves the only question for us to pass upon is whether the lien upon the homestead is divisible, so that the homestead right will not be disturbed, and that part not homestead in the same lot be foreclosed upon. We think such questions are settled by authority in the affirmative. Where the lien is prayed to be foreclosed upon the entire tract, and the defendant's claim to a homestead right to a portion only is established and can be easily designated by the facts, which also show the portion thereof not subject to the homestead claim, easily identified, such portion is so segregated as to become divisible, and subject to foreclosure. Here the proof shows definitely which part is a homestead and which not. There is no difficulty, therefore, in separating the valid lien from the void, so as to set apart the homestead claim from that portion not impressed with it, but upon which the valid lien exists.

The judgment of the trial court will therefore be reversed and rendered, so that plaintiff in error may have his personal judgment against Henry Kanner for the amount sued for, principal and interest, together with the sum of $100, reasonable attorney's fees incurred in this proceeding, together with a foreclosure of the assessment lien against all the defendants in error as a valid lien against the said homestead claim, being upon that portion of lot C, block 295, abutting on Lakeview avenue, being the portion thereof occupied by the smaller house fronting on Perez street, marked H on the plat in evidence; that said property be sold as under execution in satisfaction of such debt, and, if there shall be any sum left over after the payment of said debt, costs, and attorney's fees, the same shall be paid over to the defendants in error.

The judgment is reversed and rendered as above set out.

---

⬤◎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes