### LEWIS et al. v. LINDSLEY et al.
### No. 7901.

Court of Civil Appeals of Texas. Austin.
Jan. 17, 1934.

Rehearing Denied Feb. 7, 1934.

W. Marcus Weatherred, of Coleman, for appellants.

J. B. Dibrell, Jr., of Coleman, for appellees.

BAUGH, Justice.

Appellees, as assignees of paving certificates issued by the city of Coleman, sued Claud Lewis, one of the appellants herein, upon said certificates, which were in default, and to foreclose the statutory paving lien on property in the city of Coleman abutting upon the street paved; and also Joe McCarthy, to whom the certificates were issued, as indorser thereon. B. H. Lewis, brother of Claud Lewis, intervened and contested the foreclosure on the ground, among others, that he had a homestead interest in the property in question. Trial was to the court without a jury, and judgment rendered as prayed for; hence this appeal. Claud Lewis, against whom a personal judgment for the amount of the paving debt was rendered, as well as for a foreclosure of the lien, and in whose name the record title to the land stood, joins in the appeal.

Ten propositions are urged, but in the main three principal contentions are presented— that the trial court's judgment was erroneous because:

1. B. H. Lewis was shown to have had a homestead interest in the lands upon which foreclosure was decreed;

2. That he was not precluded from attacking as irregular the proceedings of the city whereby the asserted lien was claimed to have been fixed; and

3. That said lien did not cover the entire block, 250 feet square, on which it was foreclosed.

We sustain the first contention and overrule the other two. The facts with reference to the first contention as found by the trial court in his findings of fact, there being no statement of facts accompanying the record, were: "I find that the fee simple title to said property has remained in the defendant Claud Lewis ever since said date but that shortly after the execution of said deed and about twenty-one years ago the said Claud Lewis who was and is a bachelor now about seventy years old, entered into a verbal agreement with the intervenor B. H. Lewis, his brother, to the effect that the said B. H. Lewis could make additions and improvements on said property and the said B. H. Lewis could live thereon with his family and use same as a home as long as might be agreeable to both parties and that said B. H. Lewis thereupon moved on said lands and premises and has resided thereon ever since said date, being about twenty-one years, with his family which consists of a wife and six children and that during said time said B. H. Lewis has made improvements on said lands and premises consisting of additions and improvements to the house already located on said land at the time of said agreement and of fences, trees and terracing of the costs and value of $2,500 and that it was the understanding by and between Claud Lewis and B. H. Lewis that if and when the said Claud Lewis should sell said lands and premises that he would pay to the said B. H. Lewis the cost of the improvements placed on said lands by the said B. H. Lewis and I further find that the improvements so made by the said B. H. Lewis can not be detached from the improvements already existing on said lands at the time the said B. H. Lewis made such improvements."

From the foregoing facts the trial court made the following conclusion of law: "I conclude from the facts introduced that B. H. Lewis was only a tenant at sufferance and that same was not a sufficient title upon which to base a claim of exemption of said property as homestead against the certificate of special assessment herein sued on."

The block of land in question was located between Concho street on the east and Pecos street on the west; and between Eighth street on the north and Ninth street on the south. The paving was done on Concho

street only, and Claud Lewis did not sign a contract therefor.

As against Claud Lewis, he not being entitled to claim a homestead, appellees were entitled to a personal judgment under the statutes and to a foreclosure of their lien against whatever interest he had in the property. Articles 1086 to 1105, R. S. 1925; Acts 1927, 40th Leg., 1st Called Sess., ch. 106, p. 489 (article 1105b, Vernon's Ann. Civ. St.). B. H. Lewis, however, undoubtedly had a homestead interest in the property and an equitable lien thereon to secure his reimbursement by Claud Lewis for the $2,500 improvements he had placed thereon in acquiring and enjoying that homestead interest. His homestead rights were therefore inseparably joined with the improvements he made. These improvements were made with the full knowledge, consent, and approval of Claud Lewis for the purpose of enabling B. H. Lewis to establish thereon his homestead; and Claud Lewis could not, even by a voluntary conveyance of said property to another, have defeated B. H. Lewis' rights in the premises. The latter's homestead rights extended not only to a mere occupancy of the premises as such, whether as tenant at will or by sufferance, but also to the improvements he had placed thereon. And these rights could not have been taken away from him unless and until he was reimbursed for his homestead investment in such improvements themselves.

■■ Undoubtedly, we think, B. H. Lewis had such an interest in the land, though not subject to the registration laws, as he could have validly assigned. But whether this be true or not, an assignable interest, or one subject to registration, is not necessary to sustain a homestead exemption as against creditors. As stated in Birdwell v. Burleson, 31 Tex. Civ. App. 31, 72 S. W. 446, 450 (writ ref.): "Whether the tenancy be for a term of months or years, or simply at will or sufferance, if there be an actual, peaceable, rightful possession of the premises, which would be disturbed by the execution of judicial process, such possession is sufficient to support a homestead exemption." To the same effect is Am. Natl. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784, 785 (writ ref.). It follows, therefore, that B. H. Lewis was entitled to intervene and have his homestead rights properly protected. And whatever foreclosure may be decreed against the interest of Claud Lewis in the premises, it cannot interfere with B. H. Lewis' homestead rights of possession and occupancy;

nor can such foreclosure subject to sale his equitable interest in the property itself fixed therein to the extent of the improvements he has made thereon under said agreement with his brother, Claud Lewis.

■ Appellant's next contention relates to his pleading, stricken out upon special exception thereto, wherein he attacked the validity of said paving certificates on the ground that the city of Coleman had not complied with the law as to advertising for competitive bids; that the certificates sued upon were not issued to the same party who contracted to lay the paving; and that the value of said property had not been enhanced to the amount of the paving costs. The contract for paving said street was made with McCarthy-Allen Company, a corporation, and the certificates issued to Joe McCarthy. The order under which such certificates were issued provided that they should be payable to McCarthy-Allen Company, or their assignees. The paving having been completed and accepted by the city and such certificates issued to Joe McCarthy, in the absence of a showing to the contrary, it will be presumed that the mayor and city council ascertained facts necessary to sustain the legality of their acts in the premises, and that Joe McCarthy was the assignee of McCarthy-Allen Company.

The matters of advertising for bids and enhancement of values of property were clearly those in which the property owner is required under the statute to appeal from within 15 days from the time such assessment was levied; otherwise, he is estopped to contest or question such assessment. Article 1105b, § 9; Vernon's Ann. Civ. St., Acts 1927, 40th Leg., 1st Called Sess., ch. 106, p. 489. And said statute applies to any one claiming any interest in the property affected. Vogel v. Central Texas Securities Corp. (Tex. Civ. App.) 62 S.W.(2d) 243, and authorities there cited.

■ It is now contended that said lien could not apply to the entire block, because in case the other three streets bounding said block were likewise paved, said property would be subjected in toto to paving liens four times. However that might be, both Claud and B. H. Lewis appear to have treated said block as a single unit, or as one tract, the improvements made appear to have related to the whole tract, and the homestead claim set up appears to have been claimed as to the whole tract. It not being divided into separate lots and no alleys designated nor acts done which would indicate any in-

tent of the owner to set apart any portion of said block as abutting for frontage purposes on any particular street, we think the property as a whole should be treated as one tract, and whatever paving lien attached would relate to the entire block. No such question appears to have been presented in any Texas case; but the same question was decided adversely to appellants' contention by the Court of Appeals of Kentucky in Pursiful v. City of Harlan in 222 Ky. 658, 1 S. W.(2d) 1043. See also numerous cases from other states therein cited.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.