## VILBIG BROS. v. CITY OF DALLAS et al.
### No. 3118.

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1935.

Rehearing Denied March 14, 1935.

Claud C. Westerfeld, of Dallas, for appellant.

W. Hughes Knight, H. P. Kucera, A. J. Thuss, Asst. City Attys., and Hugh Grady, City Atty., all of Dallas, for appellee City of Dallas.

Bartlett, Thornton & Montgomery and McBride, O'Donnell & Hamilton, all of Dallas, for appellee Uvalde Const. Co.

PELPHREY, Chief Justice.

On October 20, 1930, the board of commissioners of the city of Dallas, Tex., passed a resolution to pave Sherman street between the south line of Williams street and the south line of Eakin street.

On November 5, 1930, bids were called for and bidders were requested to submit separate bids on the following paving materials:

(a) 2″ Warrenite Bitulithic.

(b) 2″ Willite Asphaltic Concrete.

(c) 2″ Valdilithic Improved Limestone Rock Asphalt.

(d) 2″ Uvalde County Rock Asphalt.

(e) 2″ Asphaltic Concrete.

Upon the recommendation of the commissioner of streets and public property, the bid of the Uvalde Construction Company was accepted.

On February 16, 1931, after notice to the abutting property owners, a hearing began and was concluded on February 27th. Appellants appeared at such hearing and objected to the levying of the assessment against their property. The objections were, however,

overruled and the street paved by the Uvalde Construction Company; the work accepted by the city and special assessment certificates issued to the construction company in part payment therefor on May 27, 1931. Some time thereafter, the exact date not being revealed by the record before us, appellants filed suit to cancel the special assessment certificate against their property and the assessment lien evidenced thereby.

Appellants alleged the assessment to be void for several reasons, to wit: (1) That the city charter provided that all contracts pertaining to public improvements, which involved an expenditure of as much as $500, should be based on plans and specifications, approved and advertised, inviting competitive bids thereon, and that the contract should be let to the lowest secure bidder; (2) that the board of commissioners of the city of Dallas, its officers and employees, instead of letting the contract in accordance with the above provision, conspired with certain paving companies to prevent competition in the paving of Sherman street; (3) that the city, pursuant to said conspiracy, called for bids on four patented pavements laid by said paving companies, knowing that no other contractors could or would bid thereon, by reason of the fact that said companies had the exclusive right to lay their particular pavement at such a price that no one else could compete with them; (4) that the plans and specifications of said paving companies for their respective pavements were included in the plans and specifications of the city; (5) that the four companies were the only companies who were allowed to have the plans and specifications for their paving included in the city's plans and specifications; (6) that the companies that bid on the paving of Sherman street fraudulently connived and conspired with the city and its officials to, where bids were called for paving a street, include in the call some obsolete pavement, some too expensive pavement, or some pavement which no one in Dallas was prepared to lay; (7) that the bidding, being on only patented paving, there could be no competition as to quality; (8) that there was no substantial compliance with the contract; (9) that there was no competition in the bidding because of the inclusion of the excavating and concrete work along with the patented paving; (10) that the city required the property owners to pay for repairs and maintenance for five years, which constituted a taking of property for public purposes without compensation; (11) that the abutting property owners are charged with the cost of paving street intersections and alleys; and (12) that the call for bids required each bidder to state when he would finish the work if awarded the contract.

Uvalde Construction Company answered by general and special exceptions, general denial, and by special answer alleging the failure of appellants to bring suit to set aside or correct the ordinance within twenty days after its passage, and that appellants having had actual knowledge of the fact that improvements were being made were estopped to now complain because of their failure to protest.

The construction company, by way of cross-action, sought to recover on the certificate of special assessment, damages, and attorney's fees.

The city of Dallas demurred generally to appellants' petition, adopted the special exceptions urged by the construction company, and generally denied the allegation of appellant's petition.

The jury, in response to special issues, found that the construction company did not fail to substantially perform the contract; that $200 was a reasonable attorney's fee for the prosecution of the suit in the trial court; and that $100 was a reasonable fee for its prosecution in the appellate court.

From a judgment in favor of the construction company for the amount of the certificate and attorney's fees, this appeal has been prosecuted.

### Opinion.

On the forty-three propositions advanced by appellants, nineteen raise a question of the validity of the contract for paving Sherman street because of the lack of competition in the bidding. The lack of competition is asserted to have resulted from the fact that the plans and specifications for the patented pavements of the several bidders were included in and made a part of the city's plans and specifications; that there was no common standard or basis for the bidding; because the Uvalde Construction Company, being a licensee for the patented pavement called for in the advertisement for bids, had not offered to sell the right to use said patented pavement to other bidders; because excavating and concrete work were included along with laying of patented pavement, thereby denying opportunity of bidding on excavating and concrete work to those who were not authorized to lay patented pavement; because the only nonpatented paving called for was too expensive to be used in competing against the

patented pavements; because the bidders were each allowed to fix the time for completion of the contract; because the prices made by licensees to others on the patented pavements were too high to permit others to bid thereon; and because the bidders did not bid upon all the different kind of paving as required by the instructions to bidders.

In the charter of the city of Dallas is found the following provision: "At any time within ten days after the hearing herein provided for has been concluded, any person or persons having an interest in any property which may be subject to assessment under this act, or otherwise having any financial interest, in such improvement or improvements, or in the manner in which the cost hereof is to be paid, who may desire to contest on any ground the validity of any proceeding that may have been had with reference to the making of such improvements or the validity in whole or in part of any assessment or lien or personal liability fixed by said proceedings, may institute suit for that purpose in any court of competent jurisdiction. Any person who shall fail to diligently prosecute such suit in good faith to final judgment, shall be forever barred from making any such contest or defense in any other action and this estoppel shall bind their heirs, successors, administrators and assigns. * * *"

█ It has often been held in this state that provisions such as the one above quoted are valid and that property owners who fail to file suit within the time specified cannot be heard to complain of any matters which are not jurisdictional. Lewis v. Lindsley (Tex. Civ. App.) 68 S.W.(2d) 548; Scanlan v. Gulf Bitulithic Co. (Tex. Com. App.) 44 S.W.(2d) 967, 80 A. L. R. 852; Herring v. City of Mexia (Tex. Civ. App) 290 S. W. 792 (writ refused); Beatty v. Panhandle Construction Co. (Tex. Civ. App.) 275 S. W. 716 (writ refused); Dillon v. Whitley (Tex. Civ. App.) 210 S. W. 329; City of Fort Worth v. Capps Land Co. (Tex. Civ. App.) 205 S. W. 491.

█ Article 1096, Revised Statutes, bars property owners from questioning the validity of assessment proceedings unless he does so within twenty days after an assessment has been made.

The questions as enumerated above were ones which could and should have been raised at the hearing and presented by a suit filed within at least twenty days from the conclusion of the hearing, and they cannot now form the basis of complaint.

█ Appellant's nineteenth proposition attacks the sufficiency of the jury's finding as to substantial compliance to support the judgment. Their contention is that the suit of the construction company is one for specific performance, and that in the absence of a pleading by the construction company that the contract had not been complied with or for a recovery on a quantum meruit basis, the submission of an issue as to substantial performance was error and a finding thereon immaterial.

We do not so construe the pleadings. The construction company, by way of cross-action, sought to recover on its paving certificate and foreclose its lien on the property. Appellants by supplemental petition plead facts raising the issue of substantial compliance. This issue was submitted to the jury and found against appellants. There is no merit in the proposition.

█ The maintenance of the paving for a period of not to exceed five years being provided for in the charter of the city of Dallas, there was no error in having the contract include such maintenance.

█ Besides, this was a matter which should have been presented at the hearing and raised in a suit contesting the assessment within the time called for by the statute.

One of appellants' propositions attacks the refusal of the court to submit an issue as to the existence of a conspiracy between the city of Dallas and the paving company to prevent competition in the paving of streets in Dallas. Their contention is that the fact that the city formulated plans and specifications including only patented pavements and a pavement, though not patented, too expensive to be used in competition with the patented pavements, and that the plans and specifications were changed so often as to prevent any one from building a plant to lay such unpatented pavement were sufficient to justify the submission of such issue.

█ The question of whether or not a conspiracy to prevent competition existed between the city and the paving companies was one which could be raised only in a timely suit to question the assessment, and besides, in our opinion, the evidence here was not sufficient to require the submission of the issue, the statements as to the record not being fully supported by the evidence.

█ We shall not here attempt to set forth the evidence as to a substantial performance of the contract, but we are of the opinion

that it amply supports the finding of the jury thereon, and a prior finding that the contractor either willfully or intentionally failed to perform is not essential to its sufficiency. There was no error in refusing to permit appellants to interrogate the witness Koch about the contents of an interview he had given to the newspapers relative to a drop in paving prices on a different street from the one in question.

There are several other assignments presented in appellants' brief which we have studied carefully, and finding them to present no reversible error, have decided to overrule, but shall not extend this opinion by a separate discussion of each.

The judgment of the trial court is in all things affirmed.