PHILIP LINDSLEY ET AL V. CLAUD LEWIS ET AL.

No. 6723.   Decided July 10, 1935.
Rehearing overruled October 2, 1935.
(84 S. W., 2d Series, 994.)

*J. B. Dibrell, Jr.,* of Coleman, for plaintiffs in error.

No title or lien, legal or equitable, in the property of Claud Lewis arose to his brother B. H. Lewis by reason of the improvements made by him, as the evidence showed that it was the intention of the parties that such improvements should become part of the realty and that if Claud Lewis should sell the property he would compensate B. H. Lewis for the improvements placed thereon. Bass v. Metropolitan West Side El. Ry. Co., 82 Fed., 857, 39 L. R. A., 711; 36 C. J., 176, 177, 187; Lange v. Caruthers, 80 Texas, 718; Wright v. Farmers Natl. Bank, 72 S. W., 103.

*W. Marcus Weatherred,* of Coleman, for defendants in error.

The evidence showing that said property was the homestead of B. H. Lewis, the intervenor, he and the defendant Claud Lewis were not precluded from setting up said defense in contest of foreclosure of paving lien. Elmendorf v. San Antonio, 242 S. W., 185; Jones v. Whitman, 37 S. W. (2d) 327.

MR. JUDGE TAYLOR delivered the opinion for the court.

The facts of the case will not be stated further than to make clear the sole question presented for decision. Claud Lewis, a bachelor, became the owner in fee simple of a lot in the town

of Coleman, Texas, in 1909. Soon after he acquired the lot he and his brother, B. H. Lewis, who was the head of a family, entered into a verbal agreement to the effect that B. H. Lewis, could make improvements on the lot and live thereon with his family and use the same as a home as long as it was agreeable to both parties. It was further agreed that Claud Lewis, when he sold the lot, if he should do so, would pay to his brother the cost of the improvements he had placed thereon. B. H. Lewis after moving upon the premises made an addition to the house already on the land and other improvements, aggregating in all about $2500.00 in value.

In 1932 suit was filed by Philip Lindsley and Alex W. Spence as assignees of certain paving certificates issued by the City of Coleman, to foreclose a paving lien which had been regularly fixed against the property. About six months after the suit was filed B. H. Lewis intervened contesting the foreclosure upon the ground, among others, that he had a homestead interest in the lot in question. He alleged in his petition of intervention that he was in possession of the lot; that about 20 years prior to his intervention he and his brother had made the agreement above referred to, and had made valuable improvements thereon, whereby he had an interest in the lot and premises to the extent of the value of the improvements; that the mayor and commissioners of the City of Coleman had actual knowledge of his homestead right, but that in giving all notices and making all levies and assessments on the property for the purpose of fixing the paving lien thereon, proceeded as if his brother Claud Lewis was the sole owner. B. H. Lewis prayed that the proceedings under which the paving lien was alleged to have been fixed be cancelled, and that the lien be held for naught.

The trial court found that the fee simple title had remained in defendant Claud Lewis ever since he had acquired the lot in 1909, and that B. H. Lewis had made the alleged improvements. The court also found that a part of the agreement between the brothers was that if and when Claud Lewis sold the lot he would pay to his brother the cost of the improvements he had placed thereon. A further finding is that the improvements made by him cannot be detached from the improvements already on the property at the time the subsequent improvements were added. The court concluded as a matter of law that B. H. Lewis is only a tenant at sufferance, and that such tenancy does not create a homestead interest that can be protected against the lien rights of the assignees of the paving

certificate sued upon, and rendered judgment foreclosing the paving lien as prayed by plaintiffs in error. Both the defendant, Claud Lewis, and the intervener, B. H. Lewis, appealed. The Court of Civil Appeals held that as against Claud Lewis plaintiffs in error are entitled to a personal judgment and a foreclosure of their lien against his interest in the property; but that as against B. H. Lewis the foreclosure should be subject to his equitable interest and should not interfere with his occupancy of the premises. The cause was reversed and remanded. 68 S. W. (2d) 548.

The trial court's judgment of foreclosure directed that an order of sale of the property should issue, and when executed, have all the force and effect of a writ of possession. The judgment further denies intervenor's prayer for cancellation. Whether this judgment correctly disposes of the case is the sole question for decision.

1  The subject matter of the suit is the special assessment which was made for street improvements against Claud Lewis as owner of the lot, and the validity of the lien created thereby. Indisputably he has owned the lot and premises in fee since 1909. The right of plaintiffs in error to recover a personal judgment against him as such owner is not questioned. As owner he contracted with B. H. Lewis to compensate him for any addition to the house and such other improvements as he might make on the property. By the terms of the alleged contract he agreed to pay for the improvements when he sold the property, that is to say, at the end of the term during which his brother was to occupy the same. Under such contract the title to the improvemens as soon as made, vested in Claud Lewis, the owner of the lot. 36 C. J., 187, sec. 843. Measured by the terms of the contract it was the intention of the parties that the improvements made should become a part of the realty. It contains no provision indicating any intention to make the property stand as security for the obligation of Claud Lewis to reimburse his brother for the cost of the improvements. Furthermore the contract was not in writing. It is obvious from the facts recited that no equitable lien was created upon either the lot or improvements, in favor of B. H. Lewis. Allen v. Allen, 101 Texas, 362, 107 S. W., 528; West v. First Baptist Church of Taft, 123 Texas, 388, 71 S. W. (2d) 1090.

2  The only right of B. H. Lewis in relation to the property is his right to occupy the same as a homestead so long as the

title remains in his brother. He owns neither the lot nor the improvements thereon and no interest therein. As between the brothers a limited and contingent right of occupancy and possession was created in B. H. Lewis by the alleged contract. This right, however, did not attain to the dignity of a title interest. It is personal against Claud Lewis and does not affect, or impair, the rights of plaintiffs in error as owners of the statutory lien regularly established.

Authorities cited by the Court of Civil Appeals to the effect that B. H. Lewis could claim his right of homestead exemption against creditors are not in point. The rights of no creditors of B. H. Lewis are involved. B. H. Lewis has no right relating to the property other than that of occupancy, the term of which does not, and could not under the terms of the contract, extend beyond the time of the owner's right of occupancy.

The judgment of the trial court correctly disposed of the case. The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by Supreme Court July 10, 1935.

Rehearing overruled October 2, 1935.