**REALTY TRUST CO. v. CRADDOCK.**

No. 8460.

Court of Civil Appeals of Texas. Austin.

June 9, 1937.

Rehearing Denied June 30, 1937.

Goggans & Ritchie and Mart W. Reeves, all of Dallas, and Milburn E. Nutt, of Wichita Falls, for appellant.

Upton, Upton & Baker, of San Angelo, for appellee.

BAUGH, Justice.

This suit was originally filed by Fain-Townsend Company against appellee for personal judgment against him and for foreclosure of a paving assessment lien on certain property in the city of San Angelo. Realty Trust Company as holder of one of such paving certificates intervened. Upon the trial hereof, judgment was rendered in favor of appellee, defendant below, from which judgment the Realty Trust Company, intervener, has appealed.

The assessment was for a lump sum, levied by the city on June 5, 1928, under articles 1086 and 1096, and articles 1104 and 1105, R.S.1925, payable in six equal installments, one due thirty days after the paving was accepted by the city, and one each year thereafter for the following five years. They were levied against L. L. Craddock as the record owner of the property. His defenses were that part of the property involved was purchased with the separate funds of his wife in 1925, though title was taken in his name; that the other portion was purchased in 1926 with community funds; that his wife died intestate on April 25, 1927, before such paving project was initiated, leaving as a legal heir a daughter duly and legally adopted in Sutton county in 1915, who was still a minor and who inherited the separate property of his wife subject to the laws of descent and distribution, and a half interest in the community, all of which she held at the time of the attempted levy of the assessment, and that such attempted assessment against L. L. Craddock alone, and against said property, was therefore void. The facts alleged were proven without contradiction. The trial court concluded that the assessment was void, and rendered judgment for the defendant; hence this appeal.

Appellant urges on this appeal that the city of San Angelo and the paving contractor, through whom these paving certificates were acquired, were entitled in fixing such lien to rely on the records of the legal title to said property shown to be in appellee; that they had no notice either actual or constructive of any interest therein in any one else; and that after receiving such notice the defendent L. L. Craddock did not appear before the city council, nor protest such assessment nor give the council nor the contractor any notice of any other ownership in said property, but permitted the paving to be laid, and the property to receive the benefits therefrom; and that he is therefore estopped to deny either personal liability or the invalidity of such lien.

Craddock did not sign any contract for the paving of the streets abutting his property. Liability therefor and the lien thereon are therefore referable to the statutes and the proceedings of the city under its charter. Nor was such assessment and levy undertaken under the provisions of Acts 1927, 40th Leg. p. 415, c. 276, and 1st Called Sess. c. 106, Vernon's Ann.Civ.Stats. art. 1105a, and art. 1105b, § 11, relating to property owned jointly by one or more persons; but are referable entirely, by express reference in the proceedings of the

city to pave such streets, to articles 1086, 1096, 1104, and 1105, R.S. The validity of such assessments is therefore referable to these statutes.

■ Nor are the holders of such certificates entitled to claim as innocent purchasers for value as though he acquired his title through the voluntary acts of the owner of the legal title to such lands. Their rights are dependent in the instant case entirely upon a statutory lien; and as against such liens it seems that the owner of an equitable title to land, and such title was held by Mrs. Craddock before her death in part of said property, can assert such title as against the creditors of the holder of the legal title. In Ross v. Kornrumpf, 64 Tex. 390, Chief Justice Willie, in a case where the wife asserted her equitable title as against the creditors of her husband, where the record title appeared to be in the community estate, said: "As to bona fide purchasers and contract lien creditors without notice, she is held to this apparent title; as to all others, including creditors with mere statutory liens created by judgment or execution, she can claim the resulting trust arising from the manner in which the land was acquired."

Regardless of her separate property, however, and even assuming that all of said property was community property, upon the death of Mrs. Craddock, her half interest therein passed to and was inherited by her adopted daughter, regardless of whether the fact of her death was shown of record. There was a residence upon said property occupied at least part of the time by L. L. Craddock, and asserted by him in this suit to have been his homestead prior to the time of said attempted assessment. It was therefore the duty of the city to ascertain his marriage status and whether or not his wife was living. Any inquiry in this regard would readily have disclosed facts showing that sole ownership of said property was not in L. L. Craddock.

■ Nor do we think that the plea of estoppel against L. L. Craddock was good. Certainly his conduct should not be permitted to prejudice the rights or the title of his minor adopted daughter who had acquired her title by inheritance upon the death of her adoptive mother.

■ Since the issues in this case must be determined by the statutes above cited and not by the 1927 amendments (Acts 1927, c. 276 and 1st Called Sess. c. 106)

(arts. 1105a and 1105b, Vernon's Ann.Civ. Stats.), it is ruled by the decisions in the following cases: City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046; City of Dallas v. Atkins, 110 Tex. 627, 223 S.W. 170; Uvalde Rock Asphalt Co. v. Lyons (Tex. Civ.App.) 289 S.W. 202 (writ ref.); City of Mexia v. Montgomery (Tex.Civ.App.) 7 S.W.(2d) 594; Johnson v. Lindsay (Tex. Civ.App.) 30 S.W.(2d) 655; Scanlan v. Gulf Bitulithic Co. (Tex.Com.App.) 44 S.W.(2d) 967, 971, 80 A.L.R. 852; Angier v. Balser (Tex.Civ.App.) 48 S.W.(2d) 668, 671; Lindsley v. Lewis (Tex.Civ.App.) 89 S.W.(2d) 413. In the last-cited case this question and the other above-cited cases are discussed. While the provisions of the above-cited 1927 act were held to govern in that case, prior to such amended statute, which does not apply in the instant case, the uniform rule followed from the decision in the City of Paris v. Tucker case has been that for such an assessment in a lump sum to be valid against property jointly owned, it must provide the "means by which the liability of each joint owner, and her property, could be discharged by payment of a proportionate part of the sum assessed." Scanlan Case, supra. No such provision was, of course, made in the instant case either as to the personal liability or by assessment against the property.

■ Nor do we sustain the contention of appellant that the assessment in the instant case comes within one of the exceptions to this rule as discussed in Angier v. Balser, supra, that is, "wherein the adjudication of a court of competent jurisdiction will be required to determine the respective interests of the different owners." There was no controversy as to the ownership in the instant case, same being readily ascertainable under the laws of descent and distribution and no inherent difficulty in establishing the value of the life estate of L. L. Craddock, even if that were necessary. See Rabb v. Le Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, 921, (writ ref.).

Under these circumstances, the question as to whether the lien asserted extended to all of the property involved (appellee having urged in the court below that he had subdivided the property and that such lien could not attach to the lots not abutting upon the street paved) becomes immaterial. On this issue, however, the views of this court were expressed in Lewis v. Lindsley, 68 S.W.(2d) 548, 549.

While the Supreme Court reversed our judgment in that case [125 Tex. 630, 84 S.W.(2d) 994], such reversal was as to the homestead question only; and since the question raised was necessarily involved in affirming the trial court's judgment foreclosing the lien on the entire property there involved, we take it that the Supreme Court concurred in our conclusions as expressed on that issue.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.