### McTAGGART et al. v. TEXAS BITULITHIC CO.

#### No. 10490.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 27, 1939.

Rehearing Denied Nov. 1, 1939.

Wardlaw & Wardlaw, of Fort Worth, and Frank Hartgraves, of Menard, for appellant.

Goggans & Ritchie and Mart W. Reeves, all of Dallas, for appellee.

SLATTON, Justice.

Texas Bitulithic Company sued Mrs. E. H. McTaggart and husband, E. H. McTaggart, in the District Court of Tarrant County, on October 2, 1934. The McTaggarts asserted their privilege to be sued in Menard County, which was granted.

The cause of action, as shown by the Company's trial pleading, was upon paving certificates issued by the City Council of Menard to West Texas Construction Company, for the pro rata part of the cost of paving a portion of San Saba Street in said City, against property of "J. O. Russell Estate, Sara J. Russell (widow) and all unknown heirs of the Estate of J. O. Russell, deceased." Certificate No. 42 was alleged to be executed on the 23rd day of July, 1929, in the sum of $539.22 and payable in six equal installments: ten days, and one, two, three, four and five years from said date. Certificates Nos. 5, 6 and 7, were executed on the 31st day of December, 1929, by virtue of an ordinance dated the 1st day of October, 1929, in which there was levied an assessment in the sum of $539.22. Said certificates were to become due ten days, one, two, three, four and five years after date.

The Company alleged the execution and delivery of a mechanic's lien by Mrs. Sarah J. Russell to secure the payment of said certificates and prayed for attorney's fees. The Company alleged that by general warranty deeds, executed April 23, 1929, and July 17, 1929, Mrs. E. H. McTaggart became the owner of said premises, and asserted that the lien of the Company was superior to any interest of Mrs. McTaggart.

In the answer of the McTaggarts it is said that Mrs. Sarah J. Russell was married to J. O. Russell in 1855, to which marriage there was born nine children. That the land was conveyed to J. O. Russell in 1895. That the property was used as homestead. That J. O. Russell died in 1906, and that Mrs. Russell continued to use the property as her homestead. That all of the heirs of J. O. Russell, or their personal representatives, agreed long prior to April 23, 1929, to convey their interest in the property, subject to the homestead rights of Mrs. Russell, to Mrs. E. H. McTaggart, and that because of the homestead rights of Mrs. Russell the certificates were not binding, and that Mrs. Russell did not have mental capacity at the time of the execution of the lien. The McTaggarts prayed that the certificates and the alleged lien be declared null and void.

The jury found that Mrs. Russell had not abandoned the homestead on April 23, 1929, and that Mrs. Russell did not have the mental capacity to execute the mechanic's lien contract.

After the verdict of the jury was received and before judgment the McTaggarts asked leave of the court to file a trial amendment pleading the two-year statute of limitation. Vernon's Ann.Civ.St. art. 5526. The court granted the request and the amendment was filed.

The trial court rendered judgment in favor of Texas Bitulithic Company allowing a recovery of one-half of the amount of the certificates, aggregating the sum of $1779.41, principal and interest, and $161.74 attorney's fees, together with the establishment and foreclosure of a lien up-

on an undivided one-half interest in and to the property, against the McTaggarts.

Mrs. McTaggart appeals.

■ The first proposition of appellants insists that the judgment of the trial court allowing a foreclosure of the paving lien upon the property to the extent of an undivided one-half interest in the same is erroneous, because such property was the homestead of Mrs. Sarah J. Russell at the time the purported lien was attempted to be established.

The homestead being the community property of J. O. Russell and Sarah J. Russell, an undivided one-half interest in it passed to the children of the marriage upon the death of J. O. Russell, subject to the homestead right of Sarah J. Russell; therefore, at the time of the establishment of the paving lien the interest of the children was not exempt from the assessment. The lien became fixed and, like the interest of the children, was subject to the homestead right of Mrs. Sarah J. Russell. The children being adults, and there being no unmarried daughters, had no possessory right in the property, but it does not follow that their interest could not be encumbered or alienated, subject to the homestead right of their mother. The lien being valid upon the interest of the heirs, no error in the action of the trial court in granting a foreclosure of the lien upon the undivided one-half interest in and to the property is perceived. Harris v. Seinsheimer, 67 Tex. 356, 3 S.W. 307.

The second assignment complains of the refusal of the court to grant the motion for judgment of Mrs. McTaggart. It is claimed to be erroneous because the assessment of the paving lien did not separate and proportion the amount for which the life estate of Mrs. Sarah J. Russell was liable.

We have serious doubts as to whether or not the issue here sought to be raised was sufficiently presented in the trial pleadings of the parties, and, in view of our rulings upon other questions, we make no decision on the above question.

■ The third assignment complains of the judgment against appellants because it is said that the major portion of the certificates was barred by the two-year statute of limitation.

The appellee answers this contention by saying that the trial court should not have allowed the trial amendment pleading in bar the statute of limitation to be filed after verdict.

It is generally held in this State, that it is within the sound discretion of the trial court to allow or refuse the filing of a trial amendment and that the action of the trial court will only be reversed upon a clear showing of an abuse of that discretion. The appellee makes no showing of any injury occurring to it on account of such belated filing of the amendment. The evidence on such issue appears to be documentary and is in the record. No claim is made that appellee could, if given time, produce any evidence against the plea.

■ We are of the opinion that the trial court did not abuse his discretion in allowing the appellant to file the amendment. Johnson v. Bingham, 251 S.W. 529, 537; Dancy v. Peyton, Tex.Civ.App., 282 S.W. 819, 821.

■ It is apparent from the record that many of the coupons were due more than two years before this suit was filed, and that the trial court erred in rendering judgment on such coupons in the face of the plea. Bauer v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 100 S.W.2d 122.

■ It is contended by the fourth assignment and the supporting proposition that the certificates in suit not being negotiable, the judgment in favor of appellee is erroneous, because no evidence was introduced to show that appellee owned such certificates.

The certificates received in evidence were payable to West Texas Construction Company. There was an assignment attached to Certificate No. 42, from the payee to appellee, and an assignment from appellee to City National Bank of Dallas, Trustee, and assignment from First National Bank in Dallas as Trustee to blank.

There were attached to each of the Certificates Nos. 5 and 7 assignments from West Texas Construction Company to appellee, and from appellee to Franklin-American Trust Company of Missouri, Trustee, and from the last named assignee to blank. Practically the same is true of certificate No. 6.

It is contended by the appellee that the possession of the certificates, the allegations of ownership, and their introduction in evidence, without objection, is sufficient proof of ownership. The appellee cites the cases of Dillon v. Whitley, Tex.Civ. App., 210 S.W. 329, and Norwich State

Bank v. Kanner, Tex.Civ.App., 235 S.W. 248. These authorities support appellee. The appellants cite the following cases by the Supreme Court of Texas: Merlin v. Manning, 2 Tex. 351, 353; Ross v. Smith, 19 Tex. 171, 173, 70 Am.Dec. 327; Nelson Merrill v. C. P. Smith, 22 Tex. 53; Gregg v. Johnson, 37 Tex. 558.

The certificates are concededly not negotiable instruments. Therefore, the proposition contended for by the appellants is controlled by the decisions of the Supreme Court of this State. It is our duty to follow that rule of decision. This cause must be reversed and remanded for such error.

Other questions are discussed in the briefs of the parties, but are not necessary for decision in the present condition of the record.

For the errors discussed the judgment of the trial court will be reversed and the cause remanded.