EUGENIE ELLIS ET AL. v. F. M. LE BOW ET AL.

No. 1210. Decided May 25, 1903.

**1.—Judgment for Land—Link in Chain of Title—Parties.**

A judgment for the recovery of land in trespass to try title may be admissible against one not a party thereto, where it constitutes a link in the adversaries' chain of title. (Pp. 536, 537.)

**2.—Limitation—Constructive Possession—Assignment of Error.**

A finding for defendants on the issue of limitation will not be disturbed because the record shows that their constructive possession to the limits of their conveyance was interrupted by possession of a part of the survey by the holder of the superior title, unless the question is raised by a proper assignment of error. (P. 537.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Ellis and others sued to recover from Le Bow and others, and appealed from a judgment for defendants. On affirmance they obtained writ of error. The decision on appeal is reported in 30 Texas Civil Appeals.

*A. J. Harris* and *Clark & Bolinger,* for plaintiffs in error. [From brief in Court of Civil Appeals.]—The testimony offered by plaintiffs and excluded by the court tended to prove and would have proved that the bond and deed excluded were made by Mrs. Hill as guardian of her minor children, that she was at the time such guardian, and as such had authority to make them, and said instrument and said oral evidence constituted necessary links in plaintiffs' chain of title, and should have been admitted.

The court erred in rendering judgment in favor of the defendants on the finding of the jury, because the superior title to the land in controversy being in plaintiffs, their actual possession of part of the 1000 acres on April 6, 1882, before the defendants' possession ripened into title under the ten years statute of limitation, had the effect of ousting the defendants of their constructive possession of said land. Bunton v. Cardwell, 53 Texas, 412; Evits v. Roth, 61 Texas, 85; Anderson v. Jackson, 69 Texas, 347; Cook v. Lister, 15 Texas Civ. App., 31; Claiborne v. Elkins, 79 Texas, 382; Sutton v. Carabajal, 26 Texas, 500; Land Co. v. Williams, 51 Texas, 62.

The court erred in rendering a judgment for the defendants on their pleas of limitation, because the defendants failed to prove that they held

the land in controversy three years under title prior to the time plaintiffs took possession, and because, as plaintiffs' title was superior to that of defendants', the statute of limitation could not be put in motion without actual adverse possession of the land in dispute, which was never done until March, 1887, when plaintiffs were under coverture. Long v. Brenneman, 59 Texas, 212. Holding deed from only part of the heirs of the patentee will not support the three year statute. 81 Texas, 167; Goss v. Pilgrim, 28 Texas, 262; Thompson v. Cragg, 24 Texas, 596.

The court erred in rendering judgment for the defendants upon the ground that they had acquired title to the land in controversy by the ten years statute of limitation under constructive possession under bond for title of L. D. Spight, dated ———, 1874, for the reason that the court found that the undisputed evidence showed that the plaintiffs held the superior title to all the land in controversy under deeds duly registered in 1855, and that the plaintiffs took actual possession of part of said entire survey of 1000 acres, including the land in controversy, on April 6, 1882, and as married women have held continuous possession ever since; and because the constructive possession of the plaintiffs in connection with the actual possession of a part of said 1000 acres wholly defeated the rights of the defendants to acquire and hold said land under the ten years statute of limitation or any other period of limitations.

*D. A. Kelley,* for appellees. [From brief in Court of Civil Appeals.]—Appellants' proposition is based upon the assumption that the appellants had shown a superior title to the land in controversy and hence that the defendants' defense of limitation could not apply. This is not assented to by the appellees. They deny that the appellants have shown title to the land in controversy. The appellants failed to connect themselves with the sovereignty of the soil. They have never shown any partition of the Jesse Russell survey that would be binding upon the appellees, so that the several divisions would be regarded as different surveys.

This case is not controlled by the rule regulating the possession of the conflict in case of overlapping surveys. There are no two conflicting surveys here. The land is all a part of the Jesse Russell survey. There never has been any partition so as to make the division lines binding on appellees. McAllen v. Rafael, 11 Texas Civ. App., 116.

Until such partition proceedings are shown the deed from Williams to Ellis would be no segregation, so far as cotenants, the heirs of Jesse Russell, are concerned, and such cotenants would not be affected thereby. Rutherford v. Stamper, 60 Texas, 449; Dorn v. Dunham, 24 Texas, 376; McKey v. Welch, 22 Texas, 390.

In the petition in the case of Ellis v. Stone, such partition was alleged, but appellees were not bound thereby, although the record in that case was allowed in evidence in this case over appellees' objections.

The court did not err in giving judgment for the appellees under their plea of ten years limitation.

The title of appellees under the ten years statute of limitation began with Spight's possession under his bond for title in April, 1874, and has been continuous since that time. Rev. Stats., 3343; Wille v. Ellis, 22 Texas Civ. App., 462.

Limitation commencing to run before appellants bought, their coverture would not interfere with the statute. Wille v. Ellis, 22 Texas Civ. App., 462; Campbell v. McFadden, 9 Texas Civ. App., 379; Bowles v. Smith, 34 S. W. Rep., 381.

There was no error in rendering judgment in favor of the defendants under their plea of five years limitation, for the reason that the evidence showed that they were in possession of the land claimed by them for such length of time under deeds duly recorded and having paid all taxes against the same.

Occupancy of a part of a tract of land held under a deed defining its boundaries is equivalent to possession of the whole under the statute of limitation. Watkins v. Smith, 91 Texas, 589.

It is well settled that a party in possession of land claiming the same under a deed, holds to the extent of the boundaries contained in the deed. Gilbert v. Rankin, 3 Texas Civ. App., 80; Hodges v. Ross, 6 Texas Civ. App., 437; Charle v. Safford, 13 Texas, 109; Jones v. Menard, 1 Texas, 779; Cunningham v. Frandtzen, 26 Texas, 38; Whitehead v. Foley, 28 Texas, 290.

The bond for title embraces the 400 acres sold by Spight to Norton, and Wille having traced his title back to that source, can hold his land under the five years statute. Wille v. Ellis, 22 Texas Civ. App., 462.

BROWN, Associate Justice.—On April 11, 1898, plaintiffs in error instituted this suit in the District Court of McLennan County, against the defendants, in form of trespass to try title to recover a part of a league and labor of land situated in that county and patented in the name of Jesse Russell. The evidence established the following facts:

Jesse Russell and Jane Russell, his wife, were residing in Texas prior to 1838, and on the 6th day of February of that year the Republic of Texas issued a headright certificate for one league and labor of land to Jesse Russell. In 1847 Jesse Russell died, leaving surviving him his wife, Jane, and four minor children, to wit: Silvester F., Sarah Jane, Margaret B., and William T. Russell. At some time prior to 1850 Jane married H. H. Hill. The certificate which had been granted to Jesse Russell had not been located, but was lost, and in the year 1850, Jane Hill, joined by her husband H. H. Hill, acting for herself and for her four minor children, entered into a contract in writing with J. K. Williams whereby the latter agreed to find the certificate and at his own expense to locate it and secure a patent for the land, for which services he was to receive one-half of the land. Williams found the certificate, located it in McLennan County, and procured a patent for the land in the name of Jesse Russell and his heirs in the year 1854. Mrs. Hill having sold her interest in the survey to King, joined with her hus-

band H. H. Hill, on January 2, 1854, in dividing the league and labor of land into two parts, and in pursuance of her sale made to Williams and in fulfillment of her contract with him for locating the land to the extent of her interest in same, conveyed to said Williams the southeast half of the said league and labor of land. No question is raised in this case as to the validity of the division made between the children and Mrs. Hill, nor with regard to the title to the half thus conveyed. Assuming to act for her children as their guardian, Mrs. Hill, joined by her husband, acting with J. K. Williams, divided the other half of the league and labor of land into two parts, one containing 1000 acres and the other the remainder of the half league and labor.

On the 17th day of December, 1868, Margaret Martin, born Russell, joined by her husband, and W. T. Russell conveyed their undivided interest in the league and labor of land to Green B. Stone; and on the 27th day of April, 1874, Green B. Stone joined by other parties, who do not appear in the chain of title, made bond for title to the land in controversy, describing it by metes and bounds, to L. D. Spight, under whom the present defendants claim title.

On the 7th day of July, 1856, J. K. Williams attempted to convey the 1000 acres to James P. Ellis by a deed in which the description is so indefinite as to make its validity as a conveyance very uncertain. March 29, 1875, James P. Ellis instituted suit in the District Court of McLennan County against the heirs of Jesse Russell to recover the 1000 acres, and during the pendency of the suit Ellis conveyed the land by deed of gift to the plaintiffs in error, and died, and thereafter, on the 18th day of November, 1889, plaintiffs in error made themselves parties to the suit instituted by Ells, by an amended petition in the form of an action of trespass to try title in which the following persons, all of the heirs of Jesse Russell, were made defendants, to wit: S. F. Stone, widow of Green B. Stone, and the minor children of S. F. and Green B. Stone; Margaret B. Martin and her husband Martin W. Martin; M. E. Russell, widow of W. T. Russell, and their minor children, and the minor children of Sarah J. Stone, who had previously died. November 7, 1895, the case was tried upon the amended petition and the court gave judgment in favor of the plaintiffs in error, Eugenie and Tassie Ellis, against the defendants, the heirs of Jesse Russell, for the 1000 acres of land, in which judgment the description is definite and includes the land in controversy.

The trial court submitted this cause to the jury upon special issues, which with the answers of the jury are as follows:

"First. Is the land described in plaintiffs' petition, and which they seek to recover from the defendants Christian Wille and M. J. Jones, embraced within the boundaries of the bond for title executed by Renick as attorney in fact of G. B. Stone and others to L. D. Spight, dated April 27, 1874?

"To which the jury answered 'Yes.'

"Second. Did Margaret B. Russell execute the deed purporting to

have been signed by William T. Russell and Margaret B. Russell to G.
B. Stone, dated September 17, 1868, and recorded in McLennan County
deed records October, 1890?

"To which the jury answered 'Yes.'

"Third. When was the deed from L. D. Spight to M. J. Jones, dated
August 24, 1880, filed for record?

"To which the jury replied, 'November 6, 1882, at 7 o'clock a. m.'

"Fourth. When did Ellis first take actual possession of the 1000 acres
tract, either in person or by agent or tenant, and was such actual pos-
session continuous thereafter or broken? If broken, when did the break
occur, and how long continue before such possession again resumed?

"And in this connection you are charged, that, to constitute actual
possession, there must be improvements upon the land, such as houses,
fences, inclosures or other improvements, as to indicate an intention to
appropriate the land as owner or as holding for the owner connected with
actual occupancy or use of the premises.

"To which the jury replied, 'April 6, 1882. Possession was contin-
ued.'"

Defendants asked the court to submit to the jury issues which were
refused with the following explanation: "All the issues asked, as to use,
occupation, and payment of taxes by defendants and their vendors, under
their pleas of limitation, are refused, because the undisputed evidence
shows they have had such possession and paid taxes as claimed by said
defendants and as proposed to be submitted by said issues; and is so ad-
mitted by plaintiffs in open court." Judgment was entered upon the ver-
dict of the jury in favor of the defendants, which judgment the Court
of Civil Appeals affirmed.

The honorable Court of Civil Appeals made no finding of fact con-
cerning the occupancy of the land by either party except the following
statement: "We conclude, therefore, that appellees' plea of ten years
limitation was sustained. This renders unnecessary a consideration of
the other assignments which relate to the three and five years statute
of limitation." The undisputed evidence shows that Spight inclosed and
occupied about 200 acres of the land, claiming the whole as described
in his bond from Green B. Stone.

The judgment of the District Court of McLennan County, rendered
on the 7th day of November, 1895, in the case of Eugenie and Tassie
Ellis, joined by their husbands, against Green B. Stone and the heirs of
Jesse Russell, deceased, vested in the plaintiffs in that case all the title
which the heirs of Jesse Russell had in and to the land at the time that
suit was instituted, at which time Mrs. S. F. Stone and Mrs. S. J. Stone,
two of the children and heirs of Jesse Russell and parties defendant to
that suit, had an undivided half interest in the land here sued for.
Therefore that judgment vested in Eugenie and Tassie Ellis an undi-
vided half interest in the 1000 acres of land described in the judgment.
The judgment was admissible against the defendants, although not par-
ties to the action, as a muniment of title to establish the fact that plain-

tiffs had acquired the title of the heirs of Jesse Russell in the 1000 acres, and in connection with the proof of heirship of the parties and the grant of the patent to Jesse Russell constituted a chain of title from the sovereignty of the soil. McCamant v. Roberts, 66 Texas, 262, 263; 2 Black on Judg., sec. 607. W. T. Russell and Margaret Martin, two heirs of Jesse Russell, deceased, having conveyed their interest in the land to Green B. Stone, who conveyed it to L. D. Spight before that suit was instituted, the judgment was ineffective to pass their title to the plaintiffs, and in that respect did not bind Spight and those who claimed under him.

Notwithstanding the plaintiffs established by the judgment a superior title to one-half of the land in question, they could not recover, because the Court of Civil Appeals found that L. D. Spight and the other defendants who claimed under him had actual possession of a part of the land in controversy, claiming the whole under a bond for title and subsequent conveyances from Spight to the other defendants for more than ten years prior to the commencement of this action, hence the plaintiffs were barred from any recovery in this case by the statute of limitations of ten years.

The writ of error was granted because we understood from the record that Ellis, under whom the plaintiffs claim, had possession of a part of the land during the time defendants had possession of the other part, thereby limiting the possession of the defendants to the bounds of their actual occupancy, but upon examination we find that the question is not presented by the application for writ of error, therefore we can not consider that phase of the case.

We find no material error, and the judgments of the District Court and the Court of Civil Appeals are affirmed.

*Affirmed.*