## LEE et al. v. LEWIS. (No. 376.) *

(Court of Civil Appeals of Texas, Waco. June 10, 1926. Rehearing Denied Oct. 7, 1926.)

**1. Judgment ⟜199(3)—Rendition of judgment non obstante veredicto held proper only when pleading and undisputed testimony clearly warrant it.**

Before judgment non obstante veredicto can be rendered, it must appear, as matter of law, from pleadings and undisputed testimony that no other judgment could have been rendered, and that issues found by jury were immaterial and should not have been submitted.

**2. Bills and notes ⟜139(2).**

Agreement by holder of note to extend time of payment definite period, in consideration of payment with interest on date to which extended, is valid.

**3. Bills and notes ⟜139(2).**

In absence of definite time of extension of payment on note, debtor not agreeing to refrain from paying before end of extension period, agreement is not binding, there being no consideration.

**4. Bills and Notes ⟜139(2)—Where defendants, by time extension agreement, were given opportunity to pay note when money was obtained from different sources, such agreement was invalid as failing to extend time definite period.**

Where defendants were, by time extension agreement, given opportunity to pay note either upon oil well coming in or upon realizing money from leases, no definite time extension was fixed and agreement was invalid, defendants having right to pay at any time.

**5. Bills and notes ⟜140—Four years held unreasonable time for duration of indefinite time extension agreement on matured note.**

If valid, indefinite time extension was agreed upon, action on note could be maintained four years after maturity, such period being beyond reasonable time extension.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 24, 1926.

Action by Chas. R. Lewis against Walter J. Lee and others. From a judgment for plaintiff, and an order overruling a motion for new trial, defendants appeal. Affirmed.

Ocie Speer, of Austin, and Phillips, Trammell &· Chizum and Evan S. McCord, all of Fort Worth, for appellants.

W. H. Tolbert, Mack & Mack, and H. K. Welch, all of Fort Worth, for appellee.

BARCUS, J. The opinion heretofore written in this cause is withdrawn, and this opinion is substituted therefor.

On January 30, 1922, appellants executed their promissory note for $3,000, payable to appellee May 1, 1922, bearing 8 per cent. interest per annum from date and providing for 10 per cent. attorney's fees. In the summer of 1922 appellee filed suit on said note; in October, 1922, appellants paid $100 interest; on November 29, $250, and on December 11, $1,250 on the principal; and the suit then pending was dismissed. The remaining $1,500 and interest was not paid, and this suit was instituted to recover same. The amended petition, on which the case was tried, was filed March 30, appellants' answer was filed April 1, and the cause was tried April 2, 1925.

Appellants, in their answer as well as in their testimony, admit the justness of the note sued on, their only defense being that suit was prematurely brought because the note was not due. They allege that they paid the $1,500 on the note in the fall of 1922 to appellee and $300, in addition, to his attorney, and that in consideration therefor appellee agreed to extend the time of payment of the remainder of said note until they (appellants) completed an oil well they were digging at Denny, Tex., and that if that well was dry, he would extend the time of payment until they could sell certain oil leases in Louisiana and obtain funds therefrom with which to discharge said note. They alleged the Denny well has been abandoned as a dry hole, and that they had not had a reasonable time in which to sell the leases. They further alleged that it was agreed and understood that they were to pay appellee interest on the note until same was paid.

The cause was submitted to a jury on special issues, and it found that appellee made a contract with appellants in the fall of 1922 to the effect that, in consideration of appellants' paying the $1,500 on the note, he agreed to extend the time of payment of the remainder thereof until such time as same could be paid out of the proceeds of the Denny well or the sale of certain oil leases in Louisiana owned by appellants; and further found that appellants had not had a reasonable time in which to sell the Louisiana leases. No other issues were submitted. The trial court, non obstante veredicto, on

motion of appellee, entered judgment for him for the full amount unpaid on said note, with interest and attorney's fees.

[1] The controlling question in this case is whether the trial court, non obstante veredicto, had a right to enter a judgment for appellee. The rule seems to be well settled that before the trial court is authorized to render a judgment non obstante veredicto, it must appear, as a matter of law, from the pleadings and the undisputed testimony that no other judgment could have been rendered, and that the issues found by the jury were immaterial and should not have been submitted by the trial court. Where that is the condition of the record, it is the duty of the trial court to disregard the immaterial findings of the jury and render the judgment which the record requires should be rendered. Klock v. Dowd (Tex. Com. App.) 280 S. W. 194; American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241; Id. (Tex. Com. App.) 267 S. W. 265; Rogers v. City of Fort Worth (Tex. Civ. App.) 275 S. W. 214; Stark v. George (Tex. Civ. App.) 237 S. W. 948. The findings of the jury, which are supported by the testimony, are that in consideration of appellants' paying to appellee one-half of the amount due on the note, appellee agreed to extend the time of payment for the remainder until appellants could realize a sufficient amount of money from the Denny well or the sale of their oil leases in Louisiana to pay same. Appellants contend that under said findings the payment of the note was extended for a reasonable length of time, and that since the jury further found a reasonable length of time had not elapsed in which they could sell their leases, the time of the maturity of the note had not arrived.

This court recently held that a partial payment on a note that was already due was not a sufficient consideration to support an extension of the time for payment of the remainder of the note (Neyland v. Lanier [Tex. Civ. App.] 273 S. W. 1022), and the Supreme Court dismissed an application for writ of error. Appellants do not claim, either by pleading or proof, that they, at any time during the extension period, paid or offered to pay any annual interest. At the time the pleadings were filed on which the case was tried, the note was nearly three years past due, and it had been more than two and a half years since the alleged extension agreement had been made. Appellants each testified that the note was a just claim and that they expected to pay same when it did fall due, according to the extension agreement. The undisputed facts show that, at the time of the alleged extension agreement, no definite time was fixed as to when the note should be paid, and no definite agreement was made that appellants would not pay the note before the leases were sold. Appellants, neither in their pleadings nor testi-

mony, claim that they did not have the right to pay the note at any time they desired. Appellee testified that there was no definite time fixed or named in the extension agreement as to when the note would be payable. Appellant Lee testified that it was to be paid from the proceeds of the Denny oil well, if it came in, or when they realized sufficient money out of the Louisiana leases. Appellant Allen testified that it was to be paid from the oil out of the Denny well, or they would be given a chance to work out the Louisiana situation and pay out of that transaction. He testified:

"There was no fixed time in our agreement because I didn't know when I could get the money. I was going to pay him just as soon as I could get the money."

[2] The rule seems to be well established by the decisions of our own courts that an agreement on the part of a holder of a note to extend the time of payment to a definite time, in consideration of the fact that the party owing same agrees to pay it with interest on the date to which it is extended and not to pay same prior thereto, is a valid contract. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434.

[3] Where, however, there is no definite time fixed to which the payment of the note is extended and the debtor does not agree that he will not pay until the end of the extension period, there is no consideration for the extension and same is not binding. Austin Real Estate & Abstract Co. v. Bahm, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Gibson v. Irby, 17 Tex. 173; Dickson v. Kilgore State Bank (Tex. Com. App.) 257 S. W. 867; Workman v. Ray (Tex. Civ. App.) 180 S. W 291; Caskey v. Douglas (Tex. Civ. App.) 95 S. W. 562; International Shoe Co. v. Kaufman (Tex. Civ. App.) 270 S. W. 1109; Webb v. Pahde (Tex. Civ. App.) 43 S. W. 19.

[4, 5] We think, under the admitted facts of all the parties litigant in this case, there was no definite time fixed in the extension agreement for the payment of said note. Appellee did not agree to withhold suit to any definite time. Neither did the appellants agree not to pay until a fixed date. If it could be said there was a sufficient consideration paid appellee for the extension of the payment of said note and that the same had been extended for a reasonable time, it occurs to us that, as a matter of law, an extension of three years after the note became due is a reasonable time. It has now been more than four years since said note became due, and more than four years since the alleged extension agreement was made. Appellants admit, both by their pleadings and testimony, that the note is a valid obligation and that they expect to pay same when it becomes due.

We do not think that the issues found by the jury were material for the reason that, if the only consideration paid for the extension agreement was the payment by appellants of one-half the note, it was not, under Neyland v. Lanier, supra, a sufficient consideration therefor. We do not think the trial court committed any error in entering judgment for appellee.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed, and the motion of appellants for new trial is overruled.