## LEE et al. v. LEWIS.   (No. 977–4809.) *

Commission of Appeals of Texas, Section A. Oct. 12, 1927.

**1. Bills and notes ⟨⟩139(2)—Agreement affecting interest may constitute sufficient consideration for extension of note.**

A stipulation concerning interest may of itself be a sufficient consideration for an agreement to extend time for payment of note.

**2. Bills and notes ⟨⟩139(1)—Where defendants paid part of note and attorney's fees equivalent to 10 per cent. of face of note, obligation to pay additional attorney's fees was sufficient consideration for extension of note.**

Where action on $3,000 note was dismissed on defendants' paying $1,500 on the principal, plus interest then due and $300 attorney's fees, such sum being 10 per cent. of face of note, and where note was thereupon extended indefinitely, *held*, defendants' obligation to pay additional attorney's fees equivalent to 10 per cent. of the unpaid principal and interest constituted sufficient consideration for extension of note.

**3. Appeal and error ⟨⟩750(1)—In action on note, assignment of error held insufficient for review of error in respect to holding as to sufficiency of consideration for extension (Rev. St. 1925, arts. 1739–1741, 1756).**

In action on note, defendants' assignment of error in Court of Civil Appeals' holding that defendants did not claim that they had paid or offered to pay interest during extension period *held* not broad enough to give Supreme Court jurisdiction to reverse judgment for error in Court of Civil Appeals' holding with respect to consideration for extension of note, in view of Rev. St. 1925, arts. 1739–1741, 1756.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied December 7, 1927.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by Charles R. Lewis against Walter J. Lee and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (287 S. W. 115), and defendants bring error. Judgment affirmed.

Ocie Speer, of Austin, and Phillips, Trammell & Chizum, and Evan S. McCord, all of Fort Worth, for plaintiffs in error.

Mack & Mack, W. H. Tolbert, and Harry K. Welch, all of Fort Worth, for defendant in error.

NICKELS, J. The opinion of the honorable Court of Civil Appeals is reported in 287 S. W. 115. The case is here on one assignment of error, and that reads as follows:

"The Court of Civil Appeals erred in holding that 'appellants do not claim, either by pleading or proof, that they at any time during the extension period paid or offered to pay any annual interest' because plaintiffs in error alleged that they agreed to pay interest during the extension period (transcript, p. 9), and the proof was, 'We understand that, under our agreement for an extension of this note, we are to pay 8 per cent. interest until it is paid, and we expect to do that.' The foregoing paragraph is presented as paragraph 1 of appellants' second motion for rehearing in the Court of Civil Appeals."

In terms, it was originally agreed that interest at the rate of 8 per centum per annum should accrue until payment. In that respect, then, there is no substantial difference in the obligation evidenced by the note itself and in the obligation of the extension agreement as pleaded and proved to the extent shown in the assignment of error. Too, plaintiffs in error retained the right of paying the principal at any time, and of thus stopping interest and of depriving defendant in error of his "interest-bearing investment" at their pleasure.

[1] A stipulation about interest may of itself include a consideration sufficient for the entire extension agreement, as explained in Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. In such a case, the creditor yields his right to sue or otherwise to demand immediate payment, and the debtor foregoes his right to make payment for a definite time and thus secures to the creditor for that period a profitable investment. In the case cited (Benson v. Phipps) it was held that such an agreement, in point of consideration, is good, but one, it was said, in which "there is a mere promise by the creditor to forbear, without any corresponding promise on the part of the debtor not to pay during the time of the promised forbearance," is without consideration. The case made by the assignment of error lacks the sustaining element of the first instance put in Benson v. Phipps, and falls within the condemnation of the second. Hence, while as claimed there is pleading and proof of an agreement to pay interest, and, consequently, a mistake in the opinion of the Court of Civil Appeals in the respect asserted, the error is immaterial.

[2, 3] It is manifest that as a result of the extension agreement and transactions thereunder plaintiffs in error became obligated to pay additional sums by way of "attorney's fees"; that is to say, they paid $300 "attorney's fees" in the fall of 1922, and defendant in error sued for and recovered "attorney's fees" equal to 10 per centum of the unpaid principal and interest, whereas, but for the extension agreement, etc., a sum much smaller than the aggregate paid and recovered would have accrued pursuant to the original stipulation on that point. This, and other matters averred and proved, supply ample consideration for the new contract, and render obvious error in the judgments of the district court and Court of Civil Appeals. But, as plainly those errors lie beyond the assignment of error, and so outside the jurisdiction of the Supreme Court. Articles 1739–1741, 1756, R. S. 1925; Link v. Houston, 94 Tex. 378, 59 S. W. 566, 60 S. W. 665; Ellis v. Le Bow, 96 Tex. 532, 74 S. W. 528.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.