## BAUER v. TEXAS PAC. COAL & OIL CO.
### No. 1594.

Court of Civil Appeals of Texas. Eastland.
Nov. 13, 1936.

Rehearing Denied Dec. 11, 1936.

R. L. Thompson, of Stephenville, for appellant.

Oxford & McMillan, of Stephenville, for appellee.

LESLIE, Chief Justice.

The Texas Pacific Coal & Oil Company instituted this suit against Mrs. May Belle Bauer to recover on a paving obligation and foreclose the lien securing same on certain property in Stephenville, Tex. The plaintiff made Fount and Mount Taylor defendants, alleging that they claimed some interest in the property adverse but inferior to plaintiff's. The Taylors answered, alleging that the defendant Mrs. May Belle Bauer was indebted to them by three separate obligations, each of which was secured by a first lien and deed of trust lien on the land in question. They pleaded limitation against the cause asserted by the plaintiff. The defendant Mrs. Bauer resisted plaintiff's suit on the ground that the obligation in suit was void for lack of notice, etc., prerequisite to establishment of paving debt and lien. She adopted the plea of limitation set up by the Taylors.

The trial was before the court without a jury and at the conclusion of the same judgment was rendered in favor of the plaintiff against Mrs. Bauer for the amount sued for. The Taylors were given a judgment on their cross-action against Mrs. Bauer and a foreclosure of their lien, subject to the first lien in favor of the plaintiff. Mrs. Bauer appeals.

By propositions 1, 2, 3, and 4, she attacks the judgment, upholding the validity of the paving assessment and lien, on the ground that no legal notice of the special hearing provided by law in favor of the property owner for the special assessment was ever issued by the city of Stephenville, or given in its behalf by its city secretary, and that the order attempting to fix such assessment and lien under the circumstances was never operative and established neither debt nor lien against the property. It is further contended that the city secretary merely published the ordinance of the city and that the same was insufficient in law to constitute valid notice, a prerequisite to the fixing of the paving debt and lien.

We have examined each of these contentions and overrule them for the reason that the published notice is deemed to be a sufficient compliance with the law and ordinance relating to the assessment and lien. The city secretary published the ordinance as notice, and in doing so he followed the specific directions of the ordinance itself which provided:

"5. That the city secretary of the city of Stephenville, is hereby directed to give notice of said hearing by publication in the Stephenville Empire, a newspaper being a weekly paper of general circulation in the city of Stephenville by publishing this ordinance for three successive issues prior to said hearing, the first publication of which is to be made at least ten days prior to the date of hearing."

The ordinance further provided in section 4:

"That a hearing shall be given to the said owners of abutting property and to all others having any interest in or claim or lien against such property, their agents or attorneys, which shall be held at the city hall in the city of Stephenville, Texas, in the Council Chamber, being the regular place of meeting of the City Council, on the first day of July, 1929, at 8 o'clock p. m., at which time and place owners of property abutting on said streets and other interested parties * * * are hereby notified to be

and appear and a hearing will be given to them concerning said proposed assessments, and concerning the benefits of said improvements to their property, and concerning all the said proceedings with reference to said improvements, or any invalidity therein, or concerning any matter or thing whatsoever in connection with said improvements or assessments, at which hearing the owners of such property and other interested parties may appear in person or by their agents or attorneys and present their objections, if any, to any matter or thing concerning the said assessments or proceedings, and may present any evidence which they may desire concerning same. That said hearing shall be continued and adjourned from day to day and from time to time until all owners and persons interested and all matters in connection with any protest or objection of said property owners shall be fully heard and disposed of."

The ordinance specifically mentioned the streets to be paved, designated the abutting property, the dimensions of the same, its location along the streets, names of owners, etc., and much other general information looking to the making of the assessment and fixing of the liens. The ordinance states that interested parties, their agents, etc., "are hereby notified to be and appear" as set out in the ordinance. and directs the secretary to publish the ordinance as notice. It would be difficult to find a notice to the landowners with more information than is contained in this ordinance, and its publication by the city secretary is a literal compliance with its command.

The instant case is to be distinguished from Lindsey v. Realty Trust Co. (Tex.Civ. App.) 75 S.W.(2d) 322, in that the ordinance there involved did not prescribe that the secretary publish the ordinance as notice, as in this case.

■ By the fifth and sixth assignments, the appellant challenges the validity of the paving debt and lien on the ground that at the time the ordinances were passed looking to the establishment of the obligations, Theodore Bauer, the then owner of the property, was insane, and therefore incapable of knowing the nature or extent of his property and was unable to appreciate a hearing concerning the assessments, benefits, etc. That under the circumstances "notice of hearing" to him would be insufficient in law to establish the debt and lien, and the same would be void. These contentions are overruled on the authority of

Spears v. City of San Antonio, 110 Tex. 618, 223 S.W. 166, 169. In that case the Supreme Court considering and upholding the power of the state by legislative enactment to subject property owners and their property to such obligations (street improvement) quoted with approval from Laughter v. Seela, 59 Tex. 177, 186, the following:

"Femes covert, infants, and lunatics, the estates of the living and the dead, are alike comprehended within the broad and general terms used in the statute. In such cases it is not for the courts to engraft exceptions upon a statute, when the lawmaking power has not seen fit to do so."

■ The seventh proposition presents the contention that the court erred in rendering a personal judgment for plaintiff against May Belle Bauer for the amount of the paving assessment, interest, and attorney's fees. We sustain this point. Although she was the wife of Theodore Bauer at the time, the ordinance and assessments do not mention her nor do they run against her as the owner of the property. Not being proceeded against as the owner of the property, she was not brought within the operation of the statute. Spears v. City of San Antonio, supra. In this respect a reformation of the judgment must follow.

■ By the eighth proposition, the point is made that the court erred in rendering a judgment for the amount of coupon No. 3 under certificate No. 373, for the reason that same is barred by the two-year statute of limitation (Vernon's Ann.Civ.St. art. 5526). The coupon is for $96.43, dated November 5, 1929, and due November 5, 1931, with interest at the rate of 8 per cent. per annum from date. The suit was filed April 7, 1934. The amount of the coupon undoubtedly became barred by limitation November 6, 1933. The two-year statute is applicable. O'Connor v. Koch, 9 Tex.Civ. App. 586, 29 S.W. 400 (writ ref.); Glover v. Storrie, 18 Tex.Civ.App. 6, 43 S.W. 1035 (writ ref.); City of Cisco v. Varner (Tex. Civ.App.) 8 S.W.(2d) 311; Id. (Tex.Com. App.) 16 S.W.(2d) 265; City of Ft. Worth v. Rosen (Tex.Civ.App.) 203 S.W. 84; Id. (Tex.Com.App.) 228 S.W. 933; Thompson v. Thurber Brick Co. (Tex.Civ.App.) 42 S.W.(2d) 93.

The court rendered judgment for the plaintiff for $582.37, plus $50 attorney's fees, this being the aggregate amount of the assessments past due and unpaid. The

correctness of this amount is not questioned, except by the contention that the sum evidenced by coupon 3 is barred by limitation. The appellee, Texas Pacific Coal & Oil Company, makes no reply in its brief to this limitation question. The facts of the record sustain the plea. It follows that the plaintiff's judgment (as of its date, June 14, 1935) should be reduced by the amount evidenced by the coupon, the same being $139.68. The judgment will be so reformed.

 The appellant's next contention is addressed to that part of the judgment against her and in favor of the Taylors in response to their cross-action, seeking a judgment on three separate and distinct obligations owed by her to them, and secured by an original vendor's lien and deed of trust lien on the property here involved. The judgment decrees these debts and liens to be inferior to the plaintiff's paving lien, but the appellant contests the right of the Taylors to judgment and foreclosure on the ground that prior to the filing of this suit she and the Taylors had entered into a contract for the extension of the notes held by them against her and that such extension contract was being carried out and performed by herself and also the Taylors.

Upon the death of appellant's husband, his will was probated and it gave to her the property involved in this suit. Apparently she was unable to pay, when due, either the taxes on the property or the obligations held by the Taylors. In such situation the appellant, on January 27, 1933, agreed that the Taylors should collect the rents from the buildings on the property involved in this suit and apply the same "first to the payment of all due taxes, state county, city and school, and after all taxes have been fully paid, then * * * to the payments past due on the notes now held against the above mentioned property."

The brief written agreement thus made by the parties cannot be construed as in any way altering her obligations to perform under the notes and deeds of trust she had theretofore executed and delivered to the Taylors. The arrangement pertained to the payment of past-due taxes and past-due installments on the notes, and it did not have the effect of agreeing to extend payment to any named date or to withhold suit until any definite time. Workman v. Ray (Tex. Civ.App.) 180 S.W. 291; Lee v. Lewis (Tex.Civ.App.) 287 S.W. 115 (3); Id.

(Tex.Com.App.) 298 S.W. 408; 8 C.J. p. 427.

No consideration for any alteration of original contracts is shown. Krueger v. Klinger, 10 Tex.Civ.App. 576, 30 S.W. 1087; Gibson v. Irby, 17 Tex. 173. The record does not sustain this proposition and we overrule it.

For the reasons assigned, the judgment of the trial court will be reformed and as reformed affirmed.