## CENTRAL FREIGHT LINES, Inc., v. C. & S. MOTOR FREIGHT LINES, Inc.

### No. 2125.

Court of Civil Appeals of Texas. Waco.

Feb. 23, 1939.

Rogers & Scott and W. E. Cureton, all of Waco, for appellant.

Maynard F. Robinson and Irwin T. Ward, both of Cleburne, for appellee.

ALEXANDER, Justice.

This suit was prosecuted by C. & S. Motor Freight Lines, Inc., against Central Freight Lines, Inc., to enjoin the defendant from picking up and transporting for hire over the public roads of Texas freight originating in Cleburne and destined for Fort Worth, Dallas and intermediate points and vice versa. A trial on the merits before the court without a jury resulted in judgment for plaintiff as prayed. The defendant appealed.

The record discloses that in 1936 Archie Tyler owned two certificates of convenience and necessity issued by the Railroad Commission of Texas authorizing him to transport freight for hire by motor over the public roads of Texas between Dallas, Fort Worth and Cleburne and other points, and a third one authorizing him to so operate between Cleburne and Glen Rose. At that time Archie Tyler owned still another certificate, being certificate No. 2638, which was not included in the assignment to Central Freight Lines, Inc., hereinafter referred to. On March 13, 1936, Tyler entered into a written contract with Central Freight Lines, Inc., by which, for a consideration, and subject to the approval of the Railroad Commission, he agreed to convey and assign to the Central Freight Lines, Inc., the three certificates of convenience and necessity first above referred to. Said contract of sale, however, contained the following specific limitations: "Central Freight Lines, Inc., shall not, so long as Archie Tyler operates from Dallas and Fort Worth into Cleburne over his present routes, pick up or deliver Dallas and Fort .Worth freight." On March 16, 1936, Tyler signed and presented to the Railroad Commission a written application for approval of the sale and transfer to Central Freight Lines, Inc., of the three certificates mentioned in said contract. Said application represented that the sale had been made in good faith and on its face it appeared to be an outright sale of the certificates without any limitation whatever. On the same day the Railroad Commission entered an order approving the sale and transfer of said certificates. Said order recited a finding that the sale and transfer of the certificates had been made in good faith and contained the following specific provision: "The purchaser of these certificates is authorized to operate in the same manner, with the same number of trucks, and on the same schedules as heretofore authorized under these certificates." The order so entered by the Railroad Commission does not appear to have ever been rescinded or altered in any manner. The Central Freight Lines, Inc., as holders of said certificates, was engaged in transporting freight under said certificates over. the routes covered thereby and was picking up and delivering Dallas and Fort Worth freight contrary to· the above quoted limitation contained in the written contract at the time the injunction above referred to was applied for and granted.

Prior to the trial of this suit Archie Tyler had transferred his fourth certificate, to-wit, No. 2638, to C. & S. Motor Freight Lines, Inc., and said corporation was engaged in transporting freight between Dallas, Fort Worth and Cleburne and intermediate points at the time of the trial. Archie Tyler owned a majority of the stock of said last named corporation.

We are of the opinion that the pleadings and evidence were insufficient to justify the judgment entered by the trial court. The use of public highways for the transportation of freight for hire by motor vehicle is a matter affected with a public interest, and the Legislature, in recognition thereof, has conferred on the Railroad Commission of the State the exclusive authority in the first instance to grant, withhold or modify permits to use the roads. The Legislature has also conferred on the Railroad Commission authority to approve the sale and transfer of such permits and has provided that no such sale or transfer shall be valid without the approval of the Railroad, Commission. The same Act provides for a review of the rulings of the Railroad Commission on the matters so committed to it by petition in the District Court of Travis county against the Commission as defendant, and this method of review appears to be exclusive. R.S. art. 911b, Vernon's Ann.Civ.St. art. 911b. It is thus made clear that the Legislature has undertaken to vest in a single agency, the Railroad Commission, the exclusive right to regulate and control the use of the public roads of the state for the transportation of freight for hire by motor vehicle. The certificates under which appellant was operating were issued by the Railroad Commission and conferred on the holder thereof the unrestricted right to pick up and transport freight over the route in question. The application for sale and transfer of said certificates to appellant was signed by Tyler, the holder of the certificates, and was presented by him to the Railroad Commission for approval. Said application represented that the sale was made in good faith and appeared on its face to be an outright sale of the certificates with all the rights and privileges thereof and without any restriction or limitation whatever. Said sale was approved by the Railroad Commission and the order of approval conferred on the purchaser the right and obligation to operate transportation facilities over said route in the same manner as had been conferred on the previous holder thereof. The private agreement between appellant and appellee to the effect that the purchaser of said certificates should restrict the service to be rendered the public at certain points on said route was not presented to nor approved by the Commission and therefore never became binding on it. It would be a violation of both the letter and spirit of the statute above cited to permit parties by private agreement, unapproved by the Railroad Commission, to restrict the service to be rendered the public under such certificates of convenience and necessity so issued by the Railroad Commission and to enforce such agreements in the district court without joining the Commission as a party thereto, as was done in this case. It would result in stripping the Railroad Commission of its right to regulate traffic on the highways and would take from it the authority to provide for the convenience of the public in the transportation of freight. The trial court, in an independent suit to which the Commission was not a party, had no right to interfere with appellant's operations so long as they were in compliance with said certificates. See, in this connection, Texas & N. O. Ry. Co. v. Greer, Tex.Civ.App., 117 S.W.2d 148, par. 7.

Appellee cites and relies on the holding of the Amarillo Court of Civil Appeals in the case of Amarillo Transfer & Storage Co. v. De Shong, 82 S.W.2d 381, par. 5. That decision did not reach the Supreme Court. Moreover, we think that case is distinguishable from the one here under consideration. In that case the holder of a certificate of convenience and necessity, for a valuable consideration, agreed to a cancellation thereof and further agreed that he would cease operations thereunder. The agreement was presented to and approved by the Railroad Commission and the certificate was canceled. A week later the Railroad Commission, without notice to the interested parties, undertook to set aside its previous order and to reinstate the certificate which it had canceled. Such order of reinstatement was probably void because entered without notice to interested parties. Railroad Commission v. Johnson, Tex.Civ.App., 104 S.W.2d 146. Consequently, the court in holding that the original holder of the certificate could be enjoined from transporting freight over the route was not interfering with nor

undertaking to regulate the service to be rendered under any valid certificate lawfully issued by the Railroad Commission.

The judgment of the trial court is reversed and judgment is here rendered for appellant, but without prejudice to any right that appellee may have to maintain appropriate proceeding for the protection of his rights.